**Jose Luis ELIAS–ZENDEJAS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–71082.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2013.*

Filed Aug. 1, 2013.

Jose Luis Elias–Zendejas, Adelanto, CA, pro se.

OIL, Jason Wisecup, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, San Francisco, CA, for Respondent.

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Jose Luis Elias–Zendejas, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal or-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The BIA properly determined that Elias–Zenedejas' conviction for inflicting corporal injury on the mother of his children, in violation of California Penal Code § 273.5, is a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i) that renders him statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *Banuelos–Ayon v. Holder,* 611 F.3d 1080, 1083–86 (9th Cir.2010); *Vasquez–Hernandez v. Holder,* 590 F.3d 1053, 1056–57 (9th Cir.2010) (petty offense exception available in removal context does not apply to petitioner's eligibility for cancellation of removal based on his conviction under California Penal Code § 273.5).

We lack jurisdiction to consider Elias–Zendejas' claim that the IJ should have granted him a continuance because he failed to raise that claim before the BIA and thereby failed to exhaust his administrative remedies. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir.2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.